### TAYLOR *v.* ROSS ET AL.

[92 South. 637. No. 22693.]

BILLS AND NOTES. *Indorser must plead failure to give notice of presentation and of dishonor as defensive matter.*

Under section 63 of the Negotiable Instrument Law .(Laws 1916, chapter 244; Hemingway's Code, section 2641), a person placing his signature on a note otherwise than as a maker, drawer, or acceptor is an indorser, unless something appears on the note to make a contrary intent appear. and to bind such indorser notice of presentation and dishonor must·be given such indorsers, or they will be discharged. To avail of such defense, the indorsers must plead such failure, as that is defensive matter.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Suit by· S. C. Taylor against W. L. Ross and another. Decree for defendants, and plaintiff appeals. Affirmed.

*Somerville & Somerville,* for appellant.

There can be no doubt on earth then, but that our adversaries thought they had a right to bring up, under the demurrer, their claim that the indorsers were not liable, because of the lack of protest and notice. Nor can there be any doubt but that the bill of complaint opened up all of the defenses that are now claimed, because we find on page three of the reply brief of Mr. Smith, on the former appeal, the following: "We would further call this court's attention to the fact that the note in question did not waive notice protest, nor notice of protests, and there is absolutely no allegation in the bill of complaint that any sort of notice was given to the indorsers, W. L. Ross and W. A. Smith, and this suit was filed against them nearly six months after the note on which they were indorsers were due . . . There is absolutely no allegation in the bill of complaint that this

note was ever presented at that bank for payment  . . .
"We demurred to the bill for insufficiency, for its
failure to make out a case and we submit that under any
view of the case, the deficiencies above mentioned are
vital."

Now with all these arguments before the court, Judge
COOK has decided that the bill of complaint makes a case
against the demurrants.  The learned chancellor has de-
cided that the failure to protest the note and the lack of
notice was matter of defense, and of course that will be
the position of our adversary in the supreme court.  In
this, however, they are both wrong, because we have
just quoted from the esteemed brief of our friend, where
he argued every question on the demurrer, and certainly
he thought that it was not matter of defense at the time
he wrote this reply brief.  Furthermore, we now call
the attention of the court to the case of *Grayson County
Bank* v. *Elbert et al.,* 137 S. W. 792.  This case was the
principal case relied upon by Mr. Smith and followed by
Judge WILLIAMS in determining the question that the
appellees were accommodating indorsers and in that case,
the Kentucky court had the question up for discussion
purely and entirely on demurrer.  Now, if it were matter
of defense, as stated by Judge WILLIAMS, the Grayson
County Bank case could not exist.  We, therefore, do not
bother the court or ourselves with any lengthy brief on
this subject, because we do not believe Mr. Smith can
justify the position taken by the court, when he has him-
self taken a contrary position and his principal authority
bears us out.  We, therefore, conclude at the outset that
the chancellor was wrong in deciding that the lack of
notice and protest was matter of defense in this suit.
This being the case, the chancellor was necessarily wrong
in thinking that he was not bound by the decision of this
case by the supreme court on the former appeal.  That
the court considered the question on the former appeal
cannot be doubted because Judge COOK copied the entire
record, both original bill and demurrer, in his opinion.

*John T. Smith*, for appellee.

We deny that the court below erred in dismissing the bill of complaint. The note on which suit was brought, and which appellees had endorsed, and due on the first day of November, 1919. The evidence is undisputed that appellees received notice on the 18th day of October, 1919, that the note had been paid, and that they knew no better until on the 14th day of November they were informed that there remained a balance due on said note. Section 2641 of Hemingway's Code reads as follows: "A person placing his signature upon an instrument otherwise than as a maker, drawer, or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." This being the language of the statute, and W. L. Ross and W. A. Smith having only signed their names in blank on the back of the note, they were, of course only endorsers. Now, what was necessary to fix and make final the liability of an endorser? Section 2667 of Hemingway's Code reads as follows: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or nonpayment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged." Section 2680 of Hemingway reads as follows: "Notice may be given as soon as the instrument is dishonored; and unless delay is excused as hereinafter provided, must be given within the times fixed by this act." Section 2681 reads as follows: "Where the person giving and the persons to receive notice reside in the same place, notice must be given within the following times: (1) If given at the place of business of the person to receive notice, it must be given before the close of business hours on the day following. (2) If given at his residence, it must be given before the usual hours of rest on the day following. (3) If sent by mail, it must be deposited in the

postoffice in time to reach him in usual course on the day following." Section 2682 of Hemingway reads as follows: "Where the person giving and the person to receive notice reside in different places, the notice must be given within the following times: (1) If sent by mail, it must be deposited in the postoffice in time to go by mail the day following the day of dishonor; or if there be no mail at a convenient hour on that day, by the next mail thereafter. (2) If given otherwise than through the postoffice, then within the time that notice would have been received in due course of mail, if it had been deposited in the postoffice within the time specified in the last subdivision." Appellant does not pretend to have even attempted to comply with the law as above stated in regard to notice.

As to the cases in which notice need not be given to endorsers, section 2693 reads as follows: "Notice of dishonor is not required to be given to an endorser in either of the following cases: (1) Where the drawee is a fictitious person or a person not having capacity to contract, and the endorser was aware of the fact at the time he indorsed the instrument. (2) Where the indorser is the person to whom the instrument is presented for payment. (3) Where the instrument was made or accepted for his accommodation." I thus reproduce this statute in order that the court may have before it all the statutes that could in any way affect this case.

Now solicitors argue that because H. L. Ross paid one thousand, two hundred dollars on the one thousand, two hundred eighty dollar note involved herein, then as to this amount W. L. Ross and W. A. Smith still remain liable as indorsers and no notice was necessary to continue this liability, because it was impossible to give notice of nonpayment when payment had in fact been made. Our answer to this argument is that W. L. Ross and W. A. Smith would have had to have practiced some deceit or fraud on appellant to have forfeited the protection aforded them by the statute. No fraud or treachery of

H. L. Ross could operate to give to the undertaking of W. L. Ross and W. A. Smith a meaning, force and obligation different from that for which they contracted. Let us see what the courts of other states which have adopted the Negotiable Instruments Law have said in similar cases.

We shall not burden the court with unnecessary argument on this feature of the case, but would respectfully refer the court to two cases directly in point. The case of *Mechanic's & Farmers' Saving Bank* v. *Katterjohn,* 125 S. W. 1071, is a case almost on "all fours" with the case now before this court.

ETHRIDGE, J., delivered the opinion of the court.

This is the second appearance of this case. The first report will be found in 124 Miss. 330, 86 So. 809. The former appeal was from an order overruling a demurrer to the bill. The bill was set out in full, except the exhibit, and we held that the bill stated a cause of action good against demurrer. It is contended now that the opinion then rendered constitutes the law of the case, and was binding on the court below and on this court, and that the judgment now appealed from was unauthorized because of that case.

The former opinion settles nothing, except that the bill stated a cause good against demurrer. No rule of law was announced, and on the remand of the case the defendants answered the bill, in which answer they denied the material allegations of the bill, and the answer set up that the defendants are not liable on the note as makers, but set up that they were liable only as indorsers, and that their liability as indorsers had been canceled, and they were released because said note did not waive notice or protest, and alleged that they received no notice that the note was due, nor that it had been presented to the maker and payment refused at the time it was due, and alleged that it never had been protested

for nonpayment, nor were the defendants notified of. its nonpayment as required by law; that the said note was payable at the Cleveland State Bank, and was not presented for payment at said bank. The note in question reads as follows:

"$1,280.00.                          Cleveland, Miss.,
                                     February 24, 1919.

"November 1, 1919, after date, I promise to pay to W. L. Ross or order one thousand two hundred eighty and no/100 dollars, for value received, with six per cent. interest per annum from maturity until paid.

"Payable at the Cleveland State Bank, Cleveland, Miss.

"This note shall be construed in accordance with the laws of the state of Mississippi.

"In case this note is placed in the hands of an attorney for suit or collection, I agree to pay all costs and an attorney's fee of ten per cent. upon the amount due.

                            "[Signed] H. L. Ross."

Indorsed on back:

"W. L. Ross.

"W. A. Smith.

"Pay to S. C. Taylor, without recourse on us, in law or in equity.

"[Signed] DELTA LOAN & INVESTMENT COMPANY.

                "By J. A. CRITTENDEN, President."

The evidence showed on the present trial that the appellant indorsed a note for about four thousand dollars for one H. L. Ross, son of the defendant W. L. Ross, to enable H. L. Ross to take up another note that Taylor indorsed for Ross, and delivered the note to H. L. Ross for this purpose. Ross went to one of the attorneys for the appellant in the present case, and wanted to arrange with him to take the note and sell it, and as an inducement to do so it was agreed that the note set out above, indorsed by W. L. Ross and Smith, should be paid out of the funds derived from the sale of the Taylor note. This sale of said note was consummated prior to the

maturity of the note above set out, and the defendants, W. L. Ross and Smith, were notified that the note had been paid by the attorney referred to. The note was purchased by the attorney for another client, and sold to other parties, and out of the proceeds so derived one thousand two hundred dollars was retained by the said attorney to pay the above note. When the note came to the bank for payment, it was found that the note was for one thousand two hundred eighty dollars instead of one thousand two hundred dollars. Thereupon the attorney notified W. L. Ross and Mr. Smith that there was a balance due of eighty dollars on said note. This was some days after the maturity of the note above set out. Subsequently Mr. Taylor, the indorser on the four thousand dollars note, learned of H. L. Ross' conversion of the note and paid the said note, which had passed into the hands of *bona-fide* purchasers, in order to protect his credit, and then went to the holder of the note above set out, and caused it to be transferred to him, paying therefor the balance of eighty dollars. The transfer was without recourse and after the maturity of the note. Thereupon notice was given W. L. Ross and Smith (H. L. Ross having absconded) that the note for one thousand two hundred dollars had been paid out of the funds derived from such note, and payment of the one thousand two hundred eighty dollars was demanded and payment refused, and suit brought. The demand was some ninety days after the maturity of the note signed by W. L. Ross and Smith.

. Section 63 of the Negotiable Instrument Law (Laws 1916, chapter 244; Hemingway's Code, section 2641) reads as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Under the terms of this act, as construed in most of the decisions of the country, W. L. Ross and Smith are made indorsers, with the right of indorsers. See authorities set out under section 63 of the act in question. Brannan's Negotiable Instrument Law (3d Ed.) pp. 232 to 236, inclusive. See, also, *Mechanics' & Farmers' Savings Bank* v. *Katterjohn,* 137 Ky. 427, 125 S. W. 1071, Am. Cas. 1912A, 439.

The chancellor found that the want of notice must be pleaded by the defendants, and that they had pleaded and proven the defense under this section. The original bill alleged that W. L. Ross and Smith were joint makers and not indorsers, which the answer denies. We think the chancellor was right in holding that the want of notice was a matter of defense, to be pleaded and proven by the defendant, and that, on the facts found on the hearing, his judgment discharging W. L. Ross and Smith as indorsers, because of the failure to give them notice of the failure to pay the note at maturity, is correct. It is insisted in opposition to this view that one thousand two hundred dollars of the note was actually paid, and that the chancellor's petition as to the eighty dollars would be correct. It would be the duty of Mr. Taylor to learn with reasonable dispatch what became of the note indorsed to H. L. Ross, and to take seasonable action to protect his interest, and that ninety days was too late. It is highly important that the decisions of all courts construing the Uniform Negotiable Instrument Law be harmonious and to conform to the decisions of other states passing upon this phase of the law requires the chancellor's judgment be affirmed.

*Affirmed.*