GRESHAM *et al. v.* STATE BANK OF SUNFLOWER.

[95 South. 65.    No. 22998.]

1. BILLS AND NOTES. *Unless blank indorser given notice of dishonor of note by maker, discharged.*

Under Uniform Negotiable Instruments Act, chapter 244 (Laws 1916, section 89; Hemingway's Code section 2667), a blank indorser of a negotiable note is only secondarily liable, and, unless given notice of the dishonor of the note by the maker, such indorser is discharged from liability.

2. BILLS AND NOTES. *Notice of dishonor by maker of note condition precedent to liability of indorser.*

The contract undertaken by such indorser is that he will pay the indebtedness evidenced by the note upon condition of dishonor by the maker, and notice to him of such dishonor; therefore such dishonor and notice are conditions precedent to liability on the part of the indorser.

3. BILLS AND NOTES. *Declaration alleging that defendant was indorser, without setting up dishonor and notice, states no cause of action; introduction of note in evidence showing defendant indorser makes out no cause of action.*

The holder of such note, in order to be entitled to recover thereon against the defendant as indorser, must allege in his declaration and prove the essential facts of liability, viz. that the note has been dishonored by the maker, notice of which dishonor has been given to the indorser, and a declaration which simply alleges that the defendant was an indorser, without setting up such dishonor and notice, states no cause of action, and therefore the introduction of such a note in evidence, showing the defendant to be an indorser, alone, makes out no cause of action.

4. BILLS AND NOTES. *Indorser not obliged to file plea denying dishonor and notice where declaration states no cause of action.*

Where the declaration in such a case fails to charge dishonor by the maker and notice thereof to the indorser, the latter is not required to interpose the plea under oath provided by section 1977, Code of 1906 (Hemingway's Code, section 1637), denying such dishonor and notice, in order to impose the burden on the plaintiff of proving the same; for such a plea is not required to be filed where the declaration states no cause of action.

5. BILLS AND NOTES. *Law that, where indorser sued, not necessary to prove dishonor and notice, unless denied, does not change common-law ru e as to burden of proof.*

Section 1977, Code of 1906 (section 1637, Hemingway's Code), which provides, among other things, that, when an indorser of a note is sued, it shall not be necessary for the plaintiff to prove dishonor and notice thereof to such indorser unless same be denied by the indorser by plea under oath, does not change the common-law rule as to the burden of proof where such a plea is interposed.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Action by the State Bank of Sunflower against W. P. Gresham and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*Chapman & Johnson,* for appellant.

The theory on which the appellants requested, in the court below, a peremptory instruction in their favor is that they were irregular or anomalous indorsers of the note sued on; that there was no absolute liability on their part to pay the note, but that their contract to pay was conditional upon the holder presenting the note for payment to the makers, and on payment being refused, giving the indorsers notice of the dishonor thereof, as provided by law; that they, as indorsers, were not liable, unless notice of dishonor was given to them, or unless there were facts excusing such notice; that their liability being based on the dishonor of the note and notice thereof to them, in order to state a cause of action against them, as such indorsers, the declaration must allege that the notice of

dishonor was given pursuant to the provisions of law, or facts excusing such notice, and failing in that, the declaration stated no cause of action against them; and there being no proof offered to make out a case against them, as indorsers, it would follow that they were entitled to the peremptory instruction.

Prior to the enactment of the Uniform Negotiable Instruments Act (chapter 244, Law 1916), which was approved on April 7, 1916, one placing his name on the back of a promissory note before delivery became a co-maker, and not an endorser. *Polkinghorne* v. *Hendricks*, 61 Miss. 366; *Pearl* v. *Cortright*, 81 Miss. 300; *Lindsay* v. *Parrott*, 108 Miss. 161, 66 So. 412. But by the force of said act such person so placing his name on a note before delivery is an indorser and cannot be held in any other capacity, and as such he is entitled, in order to render him liable, to notice of demand upon those who are primarily liable, and failing such demand and due notice to him, he is discharged. *Rockfield et al.* v. *First National Bank of Springfield, et al.* (Ohio), 83 N. E. 392, 14 L. R. A. (N. S.) 842; *Deahy* v. *Choquest et al.* (R..I.), 14 L. R. A. (N. S.) 847, 67 Atl. 421; 7 C. J., sec. 121, page 74; Statutes; 7 C. J., sec. 122, pages 75, 76 and 77; 3 R. C. L., sec. 447, page 1225.

Section 63 of our Uniform Negotiable Instruments Act, page 364, provides: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 64. "Liability of Irregular Indorser.—Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser, in accordance with the following rules:" (here are set out the rules, which are not pertinent to the instant case).

Section 89, page 568: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or nonpayment, notice of dishonor must

be given to the drawer, and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Notice of dishonor is necessary to hold parties to a bill or note, who are secondarily liable, such as drawer and indorser, except in so far as otherwise provided by the statute. Failure to give notice of dishonor without proper excuse therefor operates to discharge the indorser, or the drawer, from his obligation absolutely, and not only discharges such party from his obligation as drawer or indorser, as the case may be, but also operates as a complete satisfaction as to him, of the indebtedness for which the paper was received, and he cannot again be made liable, except by his own voluntary act. 8 C. J. sec. 890, page 634, et seq.; Sec. 895, page 637; sec. 1076, page 817; 3 R. C. L., page 1224.

The appellants in the case at bar were, under the provisions of our Uniform Negotiable Instruments Act, indorsers of the note sued on, and they were liable, and liable only, as indorsers; there was no primary or absolute liability, but a conditional liability; no liability arose against them until notice of dishonor was given; in the absence of such notice they were discharged. The mere fact that they indorsed the note gave no right of action to the plaintiff, nor entitled it to recover against the indorsers; to hold them there was a further and additional requirement, namely, that notice of dishonor should be given to them at the time and in the manner required by law; they, as indorsers, by virtue of the law read into their contract, promised to pay only on condition that the holder should present the note for payment, and if payment were refused, they should be given notice, and that failure to give them notice would discharge them. If, then, liability accrued against the indorsers when, and only when, notice of the dishonor of the note was given to them, if there was no absolute promise on their part to pay the note, if the con-

tract of the indorsers is conditional, if under the law they promised to pay only on condition that the holder should present the note for payment and on refusal notice should be given to them, if they were not liable to the plaintiff for the amount of the note until payment of it had been demanded of the makers, and due notice of the dishonor thereof given to the indorsers, then most certainly constitutive elements of the plaintiff's case are that the makers had refused payment of the note, and that notice of dishonor had been given to the indorsers; therefore, unless the declaration so alleged, no cause of action has been stated against the appellants. *Conkling* v. *Gandall* (N. Y.) 1 Abb. Dec. 423.

Where it is sought to charge the indorser, presentment, demand, non-payment and notice thereof, where conditions precedent to his liability must be substantially alleged, or a sufficient excuse for the omission must be stated. It is insufficient to charge an indorser merely to set out a copy of the note, allege indorsement by defendant and state that there is due plaintiff from defendant a specified sum which plaintiff claims; notice of dishonor must be alleged. 8 C. J., section 1186, page 901.

We apprehend that counsel for appellee will contend here, as they did in the lower court, that the defendants having failed to file a plea, as provided by section 1977 of the Code of 1906 (Sec. 1637, Hem. Code), the plaintiff was entitled to the peremptory instruction in its favor. The section of the Code referred to reads as follows: "When the drawer or indorser of any bill of exchange, or the indorser of a promissory note, is sued thereon, it shall not be necessary to prove notice of the dishonor of the bill or note to such drawer or indorser, or a waiver of notice, unless the same be specially denied by a plea, verified by oath of the party pleading the same."

The statute clearly has reference to an indorser of a note who is sued as such. Equally clear is it that the statute did not abrogate the rule that the plaintiff's declaration

must state a cause of action against the defendant. It is likewise evident that a failure to file a plea as therein provided will not aid plaintiff's statement, vivify a lifeless hulk, actually make out a case against the defendant where the averments of plaintiff do not. It also is apparent that the statute did not contemplate that such a plea should be filed in denial of something not expressly or implicitly charged in the declaration. 8 C. J., page 944.

Where in compliance with the statute the defendant puts in a sworn plea denying the execution of the instrument, the parties stand as they did at common law when the general issue was pleaded, which devolved on plaintiff the necessity of proving the execution of the instrument. Ibid, page 949. The only effect of such a verified plea is to place the burden of proof on the plaintiff. Ibid, page 950. It is clear that under no circumstances is the plaintiff relieved from the necessity of averments sufficient to state a cause of action against the defendant; after he has stated a cause of action against the defendant, then, unless a plea, verified as required by the statute, is filed by the defendant, proof of the allegation of the declaration in that reference is waived.

Again it would seem that the Uniform Negotiable Instruments Act limits and modifies the application of the statute. The Uniform Negotiable Instruments Act is a codification of the law merchant upon the subjects treated therein. The state of New York has a statute like in principle to section 1977 of the Mississippi Code of 1906. 1 Stovers New York Annotated Code of Civil Procedure (6th Ed., 1902), page 1037, sec. 923; *Commercial National Bank of Syracuse* v. *Zimmerman et al.* (N. Y.), 77 N. E. 1020; *Brown* v. *Curtiss*, 2 N. Y. 225; 8 C. J., page 957, sec. 1256.

Hence, the peremptory instruction requested by the plaintiff should have been refused and the peremptory instruction requested by the appellants should have been granted.

*O. S. Cantwell, C. L. Hunter* and *Flowers & Brown*, for appellee.

Let us now see if the trial court erred in giving appellee a peremptory instruction. Counsel for appellants argue that appellants were irregular or anomalous indorsers of the note sued on; that there was no absolute liability on their part to pay the note, but that their liability was conditioned upon the holder presenting it to the makers for payment, and payment being refused, and notice being given them of the dishonor thereof. At the outset, we agree that appellants were irregular or anomalous indorsers of the note sued on and liable as such, under the Uniform Negotiable Instruments Act. This was expressly held in the recent case of *Taylor* v. *Ross, et al.,* 92 So. 637 (Southern Reporter, Advance Sheets for September 16th, 1922). However, the passage of said act has not changed the liability of an indorser as such, from what it was prior to its passage under the law merchant, but has only changed the position of a third person who signs his name on the back of a note before delivery, from that of co-maker to irregular or anomalous indorser. Then, the liability of appellants must be determined upon the theory that they were indorsers of the note sued on.

The declaration in this case was filed under section 4013 of the Code of 1906, section 2575 of Hemingway's Code, which is in part as follows: "An action shall not be maintained on a bill of exchange or promissory note which has been indorsed against any one secondarily liable thereon, without joining in the action all persons residing in this state who are liable before such person on the bill or note."

All the persons whose names were signed to the note were joined in the suit, and the declaration alleges that they executed and delivered the note to appellee on December 30, 1919, and a copy of said note is made an exhibit to the declaration. It does not allege that appellants were indorsers of said note or that notice of its dishonor was

given them. Counsel for appellants say that because of such failure, the declaration does not state a cause of action against appellants that to state a cause of action against an indorser where notice of dishonor is not waived, the declaration must aver that such notice was given. The liability of an indorser is secondary in its nature.

His liability is dependent upon a failure to pay the note by those liable thereon before him, but when payment thereof has been refused upon due presentment, the indorser's liability becomes fixed and the right to proceed against him attaches, and the indorser becomes discharged from this liability after the time has elapsed within which notice of dishonor must be given as required by law, if the notice is not in fact given. There is respectable authority holding that in a suit against an indorser on a note, the declaration must allege that the note was presented for payment; that payment was refused, and that notice of its non-payment was given such indorser, in order to state a cause of action against him, but this is due to the fact that these are considered conditions precedent to the fixing of liability against an indorser? In this state, the failure to perform these things operates as a condition subsequent to discharge the indorser from continued liability. His liability commences when the person primarily liable fails to pay the note and he is discharged from liability thereon upon the failure of the holder to give him notice of dishonor within the time thereafter required by law. Our court has held that want of notice is defensive matter to be pleaded and proven by the indorser. This is expressly stated in the recent case of *Taylor* v. *Ross, et al., supra,* in 8 Corpus Juris, page 902, where the necessary allegations in suits to charge indorsers are discussed, the rule governing this question is stated as follows: "If presentment and the subsequent steps are not conditions precedent, . . . averments of this character are unnecessary."

As stated before, the declaration filed in this case did not allege that appellants were indorsers nor that they were

given notice of dishonor of the note sued on, but we maintain that it stated a cause of action against them without these allegations.  It joins all the signers of the note as defendants on the day of its date and a copy of the note is attached as an exhibit to the declaration and reference is made to it.

Section 729 of the 1906 Code, section 512 of Hemingway's Code, is as follows: "The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contain sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different."

Section 734 of the 1906 Code, section 517 of Hemingway's Code, is as follows: "There shall be annexed to and filed with the declaration in every case founded on an open account, a copy of the account or bill of particulars of the demand; and in actions founded on any writing, a copy of such writing, with the names of the subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed; and the same shall constitute a part of the record of the cause."

Section 735 of the 1906 Code, section 518 of Hemingway's Code, is as follows: "A copy of any writing of which profert is made, or ought to be made, in any pleading, shall be annexed to or. filed with the pleading with the names of the subscribing witnesses, if any, and evidence thereof shall not be given at the trial unless so annexed or filed; and every writing filed with any pleading, as a part of it, shall thereby become a part of it, and be so considered for all purposes of the action."

Under section 729 of the 1906 Code, section 512 of Hemingway's Code, "a declaration is sufficient if it states a good cause of action, however informal it may be or by whatever name it be designated." *Coopward* v. *McCandless*, 99 Miss. 364, 54 So. 1007.

"A declaration need only state, in concise and intelligible language, sufficient matter of substance to show that plaintiff has a meritorious case." *Gibson Mfg. Company* v. *Meek,* 71 Miss. 614, 15 So. 789.

Under section 734 of the 1906 Code, section 517 of Hemingway's Code, "a promissory note sued on and filed with the declaration thereby becomes a part of the record." *Hamer* v. *Rigby,* 65 Miss. 41, 3 So. 137. And under section 735 of the 1906 Code, section 518 of Hemingway's Code, "a promissory note so sued on and filed is a part of the declaration." 3 Ruling Case Law, section 570, page 1336.

A declaration need aver only those facts which constitute the plaintiff's cause of action. The declaration in this case met this requirement. It showed the execution and delivery of the note sued on, by appellants on the day of its date; that payment thereof had been refused, and the right of appellee to proceed against appellants. The demand is for a specific amount, and the note exhibited with the declaration, and which is a part thereof, shows the capacity in which appellants were sued. And the note after all, was the thing by which appellee's cause of action had to be tested, because it was the basis for the suit and it could not be bolstered up by allegations. A petition which puts defendant unerringly on notice of what he is called upon to answer is all that is required. *Phelan* v. *Vester,* 125 Ga. 825, 54 S. E. 697; *Sun Life Assur. Co.* v. *Bailey,* 101 Va. 443, 44 S. E. 692.

The declaration gave appellants ample notice that it was sought to hold them liable as indorsers of the note sued on, because of the failure of the makers to pay it at maturity.

From the declaration and the exhibit, which is a part thereof, it appears that appellants signed their names on the back of the note sued on on the day of its date, before it was delivered, thus making them irregular or anomalous indorsers and it cannot be successfully contended that appellee sought to hold them in any other capacity. The declaration does not allege that appellants signed the

note as makers, but that all the defendants signed and delivered the note on the day of its date, as shown by copy attached to the declaration as exhibit 1.

It has been held that "a complaint setting out the instrument sued on, or one to which a copy of such instrument and indorsement is attached, is sufficient to show that defendant indorsed it." 8 Corpus Juris, page 896; *Drum* v. *Brandfute,* 18 La. Ann. 680; *Price* v. *McClure,* 13 N. Y. Sup. 544.

Counsel for appellants say that this statute applies when indorsers are sued as indorsers and that it does not apply in the present case because appellants were sued as makers and not as indorsers. Appellants were not sued as makers but in the capacity that they signed the note sued on. In the *Taylor case, supra,* it was held that where irregular or anomalous indorsers were sued as makers, they were required to deny that they were makers of the note sued on; to set up by plea that they were indorsers and that notices of dishonor were not given them, and to prove this fact, in order to be discharged from liability. Justice ETHRIDGE no doubt had the above statute in mind while deciding the Taylor case. If it is not necessary to prove the giving of notice of dishonor until it is denied by special plea under oath, why is it necessary to allege it. If it were alleged in the declaration, it would be put in issue by the general issue plea, and the special plea required by statute would be a nullity, and if the want of notice is defensive matter to be pleaded and proven by the defendant, why should the plaintiff be required to allege the giving of notice. This would be requiring him to anticipate a defense.

"The pleader is bound only to plead a *prima-facie* case, he is not bound to traverse the matter which may be set up in avoidance of that pleading." *Kershaw* v. *Merchants Bank,* 7 Howard 386, 40 Am. Dec. 70. "Declaration need not state facts to obviate anticipated defenses." *Hickman* v. *Kansas City & R. Co.,* 66 Miss. 164, 5 So. 225; *Meyer* v. *King,* 72 Miss. 1, 16 So. 245.

The decision in the Taylor case states the law governing this case. (8 C. J., page 902.) And the holding of our court that the want of notice of dishonor is defensive matter that must be pleaded and proven by the defendant, does not interfere with a uniform construction of the Negotiable Instruments Act. It only affects the method of procedure to be observed in taking advantage of this defense, and we cannot hope to reconcile matters of pleading and procedure in all the states under the Instruments Act, owing to the varying statutes and practices of the different states.

If we are right that the giving of notice of dishonor is not a condition precedent to the fixing of liability against an indorser, but that the want of such notice is a matter of defense to be pleaded and proven by the indorser, the declaration states a good cause of action without an allegation that such notice was given appellants.

ANDERSON, J., delivered the opinion of the court.

Appellee, State Bank of Sunflower, sued appellants, W. P. and T. J. Gresham and W. V. Pitman and wife, on a promissory note payable to appellee or bearer, and recovered a judgment for two thousand four hundred thirteen dollars, from which appellants prosecute this appeal. On the trial only the note sued on was offered in evidence by the appellee. Thereupon both the appellants and appellee requested a peremptory instruction. The request of the appellee was granted, and that of the appellants refused, and accordingly the jury returned a verdict for appellee, upon which the judgment appealed from was entered.

W. V. Pitman and wife were the makers of the note on which suit was brought, and appellants were indorsers thereon, being blank indorsers, and therefore what is known as irregular indorsers. The language of appellee's declaration would justify the conclusion that it was appellee's purpose to sue all the defendants as joint makers of the note, for the declaration simply sets out the execution of

the note by both the makers and appellants, that it was overdue, and default made in payment, without anything to indicate that the liability of appellants was as indorsers, and not as makers. However a copy of the note was attached to the declaration as an exhibit, and that shows that the Pitmans signed as makers and appellants as blank indorsers.

Without deciding the question (for, in view of the conclusion we reach, it is unnecessary) we will treat the averments of the declaration, taken in connection with the copy of the note exhibited with it, as sufficient to show that it was appellee's purpose to sue appellants as indorsers, and not makers. To so treat the declaration is most favorable to appellee, for if it is to be considered as a declaration against appellants as makers, it is at once apparent that there was a complete failure of evidence to establish appellee's case, for the note, which was all the evidence introduced, showed they were indorsers, not makers. As such indorsers their rights and liabilities, so far as the questions to be decided in this case are concerned, are fixed by sections 63, 64, and 89 of our Uniform Negotiable Instruments Act (chapter 244, Laws of 1916; Hemingway's Code, sections 2641, 2642 and 2667), which are in the following language:

"A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as indorser, in accordance with the following rules:

"(1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties.

"(2) If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"(3) If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

It will be noted that under said act indorsers in blank, as were appellants, are only secondarily liable, and are discharged unless given notice of the dishonor of the instrument. This court construing the statute so held in *Taylor* v. *Ross* (Miss.), 92 So. 637. However there is no controversy between the parties to this cause as to the extent of the liability of appellants as indorsers, and what was necessary to charge them with the payment of the note in case of dishonor. We only state the governing principles in order that the decision of the court on the main question in the case, which will now be considered, may be better understood.

Appellants contend that the dishonor of a note by the makers, and notice of such dishonor to the indorsers, are conditions precedent to liability on the part of the indorsers, and that therefore, to be entitled to recover on such a note, the holder must allege and prove those facts, and that therefore appellee neither stated in its declaration nor proved a cause of action, and that, the declaration having failed to state a cause of action, appellants as indorsers were not required to plead under oath as provided by section 1977, Code of 1906 (Hemingway's Code, section 1637), denying such dishonor and notice in order to put the holder to the proof thereof. On the other hand, appellee contends that liability on the part of the indorsers of a note begins with their indorsement and that dishonor by the makers and notice thereof to the indorsers are conditions subsequent, which, if not complied with, have the effect to discharge such indorsers from liability, which must be set up by the indorsers by a plea under oath as provided by the statute (section 1977, Code of 1906; Hemingway's

Code, section 1637), and must be proven by them as pleaded, and that, appellants, as indorsers, having failed to interpose such a plea in this cause, appellee's case was made out by the mere introduction of the note sued on. The question, therefore, in short, is whether dishonor and notice is a condition precedent to liability of the indorsers, or a condition subsequent which operates to discharge them from liability theretofore incurred.

As it appears to the court this question is settled in favor of the contention of appellants by the decisions of this court. In discussing the character of obligation undertaken by indorsers in *Hawkins* v. *Shields,* 100 Miss. 739, 57 So. 4, 4 A. L. R. 760, the court said, among other things:

"The indorser engages that the bill or note will be accepted or paid, as the case may be, according to its purport; *but this engagement is conditioned upon due* presentment, demand and notice." (Italics ours.)

*Thomas* v. *Jennings,* 5 Smedes & M. 627, was a suit by Jennings against Thomas, Ellison, and Osburn as joint makers of the note sued on, which was payable to the plaintiff. The note was signed by Ellison and Osburn as makers, but the name of Thomas was signed in blank across its back. There was no evidence introduced in the case except the note itself. Thomas, the indorser, requested the court to charge the jury to return a verdict in his favor because plaintiff had failed to make out his case., The trial court refused to so instruct the jury. The court said that the question was whether Thomas was maker or indorser of the note, and that that was a question of evidence. (There could be no question of that sort under our Negotiable Instruments Act, for that act expressly provides that an irregular indorser is secondarily liable.) The court said that if Thomas was maker the judgment was correct; but if he was indorser, and therefore secondarily liable, the judgment was incorrect "because of the absence of proof of the requisite demand and notice." The court said further:

"The criterion is wanting by which to fix the nature of

his [Thomas'] liability. The plaintiffs, in failing to prove the circumstances which would authorize the holding him bound as maker, failed to make out their case."

To the same effect is *Holmes* v. *Preston,* 70 Miss. 152, 12 So. 202, in which Judge COOPER for the court reviewed and analyzed *Thomas* v. *Jennings, supra,* and applied the same to the case there under consideration. In that case there was a failure to prove that notice of dishonor had been given to the indorser. Among other things the court said:

"This contention of appellees is upon the assumption that the defect of evidence goes only to the extent of a failure to prove that notice was given to appellant of the dishonor of the bill, and the argument is that, since the declaration did not aver such notice, the appellant, by failing to demur to the declaration, waived the defense of want of notice. There are two replies to this. The first is that, under the rule announced in *Thomas* v. *Jennings,* [5 Smedes & M. 630], the mere production of the note was insufficient to fix any liability upon Holmes."

These cases clearly mean that dishonor by the maker and notice to the indorser is a condition precedent to the liability of the latter. In section 1186, 8 C. J., p. 901, it is stated that, where it is sought to charge an indorser, and dishonor and notice are conditions precedent to liability, they must be alleged and proven. And it is stated there further:

"It is insufficient to charge an indorser merely to set out a copy of the note, allege indorsement by defendant, and state that there is due plaintiff from defendant a specified sum which plaintiff claims; notice of dishonor must be alleged."

However, appellee contends that appellants are in no position to take advantage of the failure of appellee's declaration to state a cause of action against appellants, because the only plea interposed by appellants was the general issue, and, appellants having failed to interpose a plea verified by oath as provided by section 1977, Code of 1906

(Hemingway's Code, section 1637), denying dishonor by the makers and notice thereof to appellants, it was not necessary for appellee to prove such dishonor and notice. That statute provides as follows:

"When the drawer or indorser of any bill of exchange, or the indorser of a promissory note, is sued thereon, it shall not be necessary to prove notice of the dishonor of the bill or note to such drawer or indorser, or a waiver of notice, unless the same be specially denied by plea, verified by the oath of the party pleading the same."

If appellee had set out a cause of action in its declaration—that is, if there had been added to the declaration an allegation of dishonor and notice to appellants as indorsers —the appellee would be right in its contention. Without such a plea under oath by appellants the appellee would have made out its case by simply introducing the note. But that is not the case we have. Instead we have a declaration that states no cause of action. Appellants were not required to respond to it by any kind of a plea. No recovery could be had thereon; it was simply a suit on a promissory note against two makers and appellants as indorsers without any allegation that appellants had become liable as such indorsers on account of the dishonor of the note and notice of such dishonor to appellants. The declaration in this case falls as far short of stating a cause of action against appellants as it would have fallen short of stating a cause of action against the makers if it had simply stated that the makers executed the note sued on for the consideration therein named, which note was overdue, without alleging further that it had not been paid. The agreement of indorsers under the decisions of this court is simply a contract to become charged with the payment of the indebtedness represented by the note upon condition of dishonor and notice, as we have said, must be alleged and proven by the plaintiff, and if that is not done indorsers are not required to file any plea whatever. And, furthermore, the statute last above quoted does not change the burden of proof where the plea therein provided for is

interposed.  The plea provided by the statute, of dishonor and want of notice, simply leaves the burden of proof where it stood at common law—upon the plaintiff.  What was said by the court to the contrary in *Taylor* v. *Ross, supra,* was not involved in that case, and therefore was not decision.  In that case the indorsers in their answer expressly set up and proved as a defense against liability dishonor and want of notice.

It follows from these views that the trial court erred in directing a verdict for appellee.

*Reversed and remanded.*