CARTER *v.* JENNINGS.

[98 So. 687. No. 23406.]

(Division B. Jan. 28, 1924.)

1. BILLS AND NOTES. *One signing an instrument other than as maker, drawer, or acceptor is indorser unless contrary intent appears.*

Under section 63 of the Uniform Negotiable Instruments Act (section 2641, Hemingway's Code), a person placing his signature on an instrument otherwise than as maker, drawer, or acceptor is an indorser, unless something appears on the note to make a contrary intent appear; and, under section 89 of said act (section 2667, Hemingway's Code), an indorser of a note is discharged from liability thereon unless given notice of the dishonor of the note by the maker.

2. BILLS AND NOTES. *Dishonor and notice must be alleged and proved to recover against indorser; declaration simply alleging that defendant indorser without setting up dishonor and notice insufficient.*

The holder of a note, in order to be entitled to recover thereon against an indorser, must allege in his declaration and prove that the note has been dishonored by the maker, and that notice of such dishonor has been given to the indorser, and a declaration which simply alleges that the defendant was an indorser, without setting up such dishonor and notice, states no cause of action.

3. STATUTORY PROVISIONS.

Under section 7 of the Uniform Negotiable Instruments Act (section 2585, Hemingway's Code), a note which is indorsed and delivered when overdue is, as regards the persons so issuing or indorsing it, payable on demand; and under section 71 of said act (section 2649, Hemingway's Code) an instrument payable on demand must be presented for payment within a reasonable time after its issue, except that, in case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation.

4. BILLS AND NOTES. *Where excuse for presentment of negotiable instrument not shown overdue instrument not dishonored for nonpayment.*

Under section 82, Uniform Negotiable Instruments Act (section 2660 Hemingway's Code), the necessity for presentment for payment is dispensed with where, after the exercise of reasonable diligence, presentment as required by the act cannot be made; and under section 83 of said act (section 2661, Hemingway's Code) an instrument is dishonored by nonpayment when presentment is excused and the instrument is overdue and unpaid; but, where there has been no presentment for payment, and the testimony fails to show the exercise of that diligence which will excuse presentment, the instrument is not dishonored, although overdue and unpaid.

5. BILLS AND NOTES. *No recovery against indorser of demand paper where notice of dishonor delayed more than sixty days when not excused by reasonable diligence.*

Under section 102, Uniform Negotiable Instruments Act (section 2680, Hemingway's Code), notice of dishonor must be given within the time fixed by said act, unless delay is excused; and under section 111 of said act (section 2690, Hemingway's Code), notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged; and, although the exercise of that diligence which will excuse presentment may be shown, a recovery against an indorser will not be sustained where there was a delay of more than sixty days in giving notice of dishonor of paper payable on demand, and the testimony fails to show the exercise of that diligence which will dispense with notice of dishonor.

APPEAL from circuit court of Panola county, First District.

HON. GREEK L. RICE, Judge.

Suit by I. E. Jennings against J. A. Carter, administrator, and another. From a judgment for plaintiff, the named defendant appeals. Reversed, and judgment rendered.

*Rainwater & Stovall,* for appellant.

It is a well-established principle of pleading that whatever is necessary in order to entitle the plaintiff to recover must be averred in the declaration, so that the question now before the court is, was it necessary for plaintiff to prove demand and notice in order to hold a party secondarily liable. We maintain there can be no recovery without proof on the part of plaintiff that demand was made upon the payor, and a refusal or failure on his part to pay, and due notice given within a reasonable time of such failure or refusal to the endorser, and that he would be held liable as endorser. There is no such averment in the declaration of any demand on Tup Hall or notice to Archie Harris, and we therefore insist

that under the well-known rules of pleading, and the great weight of authorities the demurrer should have been sustained. *Cook* v. *Martin,* 5 S. and M. 393; 8 Cowan, 271; *United States Bank* v. *Smith,* 11 Wheaton, 174.

Where no place of payment is fixed, and the note is a demand note, the rule seems to be universal that proof of demand and notice must be made in order to hold the endorser. *Hall* v. *The First Bank of Crossville,* 72 So. 172, 3 R. C. L., section 440, page 1218.

If the rule were otherwise it would place a burden upon the defendant when sued as endorser to prove a negative and to carry a burden which should not be imposed upon him.

There is no rule of law better settled than that a note endorsed after it becomes due is a demand note, and that prompt demand must be made upon the principal debtor, and upon case of failure to pay due notice thereof must be given to the endorser within a reasonable time thereafter. And unless such demand and notice is given the endorser is discharged. See Negotiable Instrument Law, Acts, 1916, page 368, Article VII "Notice of Dishonor;" *Harkins* v. *Shields,* 100 Miss. 747-48-49; *Bowling* v. *Arthur,* 34 Miss. 54; 3 R. C. L. 1223 and 1226, sections 446-448; 2 Am. and Eng. Ency. of Law, (1 Ed.), 407; 7 Cyc. 1070-71, par. B; *Graul* v. *Strutzel,* 36 Am. Rep. 250; *Beer* v. *Clifton,* 35 Am. St. Rep. 174; *Colt* v. *Bernard,* 29 Am. Dec. 584; *Poole* v. *Tolleston,* 10 Am. Dec. 663; *Jones* v. *Robinson,* 54 Am. Dec. 216.

A demand upon the principal debtor is just as essential as the notice to the endorser. There is no proof in the record tending to show any demand was ever made upon the principal defendant here. On the contrary he stated most positively that no demand was ever made upon him to pay the Archie Harris note, and nothing ever said to him in reference to payment.

The rule as laid down by practically all the authorities is that where a note is payable on a fixed date, demand

must be made on that date, and where it is a demand note, presentment and demand for payment must be made upon the principal debtor promptly, or within a reasonable time, and immediate notice given to the party secondarily liable in order to charge him. Negotiable Instrument Law, Acts 1916, 366, secs. 70-71; 7 Cyc. 962-963; 3 R. C. L. 1191, sec. 413; *Jones* v. *Robinson,* 54 Am. Dec. 212; *Smith* v. *Gibbs,* 2 S. and M. 479.

Instead of pursuing the principal debtor by making prompt demand upon him, as he should have done, he contents himself by holding on to all the property under his trust deed, making no demand and giving no notice-to the endorser that he was holding him liable, for about four months, and until death had sealed the lips of Archie Harris, and then proceeds to exact payment from his estate.

We desire to call the attention of the court to *Nash* v. *Harrington,* 16 Am. Dec. 674; *Benjamin Fortner* v. *Parham & Gibson, et al.,* 2 S. and M. 151; *Planters Bank* v. *Downs et al.,* 1 S. and M. 261.

While some of the authorities hold that there must be a consideration for the extension of time, our Negotiable Instruments Law does not require a consideration. Negotiable Instruments Law, Acts 1916, 372, sec. 6; 21 R. C. L. 1018, sec. 66; *Powell* v. *Tomlinson,* 92 So. 226.

The court in this case also holds that a sub-tenant, by reason of the liability of his crops to such lien, occupies the relation of a mere surety for the debt due by the original tenant to the landlord. An endorser of a promissory note occupies the relation of a mere surety, and it seems that the case above cited is on all fours with the case at bar.

*Montgomery & McClure,* for appellee.

Appellant's counsel cite numerous cases holding that an endorsee of overdue paper is not excused from making a demand in a reasonable time, of the maker, and giving

notice of the dishonor of the paper to the endorser in order to charge him under the law; that, therefore, appellee must allege these facts in his declaration and prove them. We frankly admit that a majority of the courts so hold, and therefore shall not undertake to answer the cases cited by appellant on this proposition.

But at the time this demurrer was heard by the lower court, on this question, the case of *Taylor* v. *Ross,* 92 So. (Miss.), 637, had just appeared. We earnestly submit that this appellee made the proof in the same manner as if this burden was originally placed on him by the declaration, and appellant could not have been prejudiced thereby.

Now in view of the proof set out by the plaintiff, how was the appellant prejudiced by the court below in overruling his demurrer on these grounds. The plaintiff made the proof in the same manner as if the declaration alleged these issues and it did not prejudice the appellant's rights in the slightest degree.

This court has held in the case of *Planters Lumber Company* v. *Sibley,* 93 So. 440 that: "In passing on a ruling of a lower court, the supreme court will look to the whole record, and if in the light thereof no harm appears to have resulted to the appellant from the ruling complained of, the judgment will be affirmed, even though the ruling may have been erroneous when made."

We refer the court to the following cases in relation to this point: *Houston* v. *Smythe,* 66 Miss. 118; 5 So. 520; *Insurance Co.* v. *Jones,* 49 Miss. 80; *Insurance Co.* v. *Francis,* 52 Miss. 547; *A. and V. Ry. Co.* v. *Brooks,* 69 Miss. 168; *Montgomery* v. *Dillingham,* 3 S. and M. 647; *Kehlar Flour Mills* v. *Reeves Grocery,* 113 M. 30. But did the court commit any error on this account?

The decisions of the various states are in hopeless conflict. Our N. I. L., section 7, declares that an overdue note, so endorsed, is as regards the person so issuing, accepting or endorsing it, payable on demand. Some courts

have held that demand paper, without making reference to whether such paper is a note written payable on demand, or a bill of exchange payable on demand, as regards one that is overdue and made demand paper by law, that an endorser on the same, in order to be charged with payment, has a right to demand on the maker notice of dishonor.

Others have held it is settled that the endorser of an overdue note has as much right to demand and notice as the endorser of a note has before maturity, the only difference being as to the time when the demand and notice must be made and given. We are not prepared to say that the weight of authority does not so hold, and in frankness to this court we make this statement.

Still other cases have announced the doctrine with much force and reason that the endorser of a note after its maturity is absolutely liable thereon, without regard to any right to have a demand made upon the maker, and notice to the endorser on non-payment. We recommend this line of decisions to this court, and if the same be adopted by you, then the court correctly sustained this demurrer.

The following courts so hold: *Chadwick* v. *Jeffers*, 1 Rich L. (S. C.) 397; 44 Am. Dec. 260; *Nash* v. *Harrington*, 2 Aikens (Vt.) 9, 16 Am. Dec. 697; *W. S. Merril Co.* v. *Roth*, 152 N. Y. Supp. 368; *Havelin* v. *Continental Nat. Bank*, 161 S. W. (Mo.) 743.

On this proposition the following cases hold that an endorser who endorses overdue paper is deemed and treated as a joint maker of the note, and for this reason becomes primarily liable thereon, and demand and notice of dishonor is not necessary. *Bishop* v. *Dexter*, 2 Conn. 419; *Mudd* v. *Harper*, 1 Md. 110. We are not unmindful of the *Shields-Hawkins case*, 100 Miss. 739, and this court's holding therein.

We agree with counsel for appellant that under the law a promissory note endorsed after maturity is de-

mand paper, but disagree with them on the broad principles laid down by them that demand must be made promptly in all cases, and unless demand be made and notice is given to the endorser, that he is discharged. Section 2649, Hemingway's Code; Section 2771, Hemingway's Code; Section 81 of The N. I. L.; Section 82 of The N. I. L.; Section 112 of The N. I. L.; Section 113 of The N. I. L.

Counsel for appellant argue in their brief that demand was not made on the maker, Tup Hall, and therefore it was impossible to give notice to the endorser of the dishonor of the note. We answer that it is not necessary under Sections 81 and 82 of N. I. L. in all cases to make demand of the maker for payment, for the law expressly holds that delay in making presentment is excused, when it is due to circumstances beyond the control of the holder, and not imputable to his default, misconduct or negligence.

It was held in the case of *Schlesinger* v. *Schultz,* 110 App. Div. 356, 96 N. Y. Supp. 383. "That presentment for payment within ten months was sufficient to hold the endorser of a note, where the same was a demand note payable to the order of the maker, and drawing interest, and was endorsed by a third person for the maker's accommodation, and was negotiated ten days after its date."

In Kentucky demand must be made within four months, it being a matter of common knowledge that banks in Central Kentucky rarely permit commercial paper to run more than four months without renewal. So that there is a custom, or usage of trade, that such paper is ordinarily payable in that time. *Frazee* v. *Phoenix Nat. Bank,* 161 Ky. 175, 170 S. W. 532. Likewise a demand note was endorsed to plaintiff three months and six days after its date. *Held,* the negotation was within a reasonable time, no special circumstance being shown to the contrary. *Weber* v. *Hirsh,* 163 N. Y. Supp. 1086.

It was held in the case of *Merritt* v. *Jackson*, 181 Mass. 69, 62 N. E. 987: "In the absence of any evidence to bring the case within this section (being section 193, N. I. L.) a demand on a promissory note payable on demand must be made within sixty days to charge an endorser, that having been the law in this state prior to the Negotiable Instruments Law." The case of *Shields* v. *Hawkins*, 100 Miss. 739, does not hold to the contrary, and is authority here. We expressly invite the court's attention to the case of *Brengle* v. *Bushey*, 40 Md. 141, 17 Am. Rep. 586.

Argued orally by *Jas. McClure*, for appellee.

COOK, J., delivered the opinion of the court.

The appellee, as holder of a promissory note, instituted suit thereon against one Tup Hall, as the maker of the note, and against the appellant as administrator of one Arch Harris, deceased, the indorser thereof, and from a judgment against both defendants, the administrator prosecuted this appeal.

The declaration filed in this cause did not allege that demand had been made upon the maker or that notice of the dishonor of the note was given to the appellant or his intestate so as to impose liability as an indorser, and the defendants interpose a demurrer to the declaration which challenged its sufficiency on account of the omission of these averments. This demurrer was overruled, and the first assignment of error is that the court erred in overruling this demurrer.

This demurrer should have been sustained. In the case of *Gresham* v. *State Bank*, 131 Miss. 20, 95 So. 65, in which Judge ANDERSON for the court reviewed and analyzed numerous authorities on this subject, it was held that a declaration which failed to charge presentation and notice of dishonor stated no cause of action and no recovery could be had thereon, the court there saying:

"The agreement of indorsers under the decisions of this court is simply a contract to become charged with the payment of the indebtedness represented by the note upon condition of dishonor and notice, as we have said, must be alleged and proven by the plaintiff, and if that is not done indorsers are not required to file any plea whatever."

The appellee, while conceding that the great weight of authority is to the effect that an allegation of presentation to the maker and notice of dishonor to the indorsers is necessary to charge indorsers with liability as such, relies upon the case of *Taylor* v. *Ross,* 129 Miss. 536, 92 So. 637, also reported in 124 Miss. 330, 86 So. 809, as holding to the contrary. While the language of the opinion in *Taylor* v. *Ross* appears to be in conflict with the principles announced in the case of *Gresham* v. *State Bank, supra,* and which we herein approve and reaffirm, the opinion in the Taylor Case should be limited to the facts of that particular case and the questions necessarily decided. In that case the defendants were sued as makers of a note and upon the first appeal it was held that the bill of complaint stated a cause of action good against demurrer, and the cause was remanded for answer. Thereupon the defendants answered the bill, setting up that they were not makers, but indorsers, and affirmatively averring as a defense against liability the want of demand and notice of dishonor. The Chancellor held that this affirmative defense was sustained by the proof offered, and on appeal the findings of the chancellor in this regard were affirmed.

The appellee contends, that, if it was error to overrule the demurrer to the declaration, the appellant was not prejudiced thereby, and cannot now complain on account thereof, for the reason that, after the demurrer was overruled, several special pleas were filed by the defendants setting up the defense of want of presentation and notice

of dishonor to the indorser, and at the trial full proof was offered on the issues made by these pleas.

Conceding, but not deciding, the correctness of the position of the appellee that the filing of these special pleas was a waiver of the defects in the declaration, still we think, on the evidence in this record, the decision of the trial judge, who heard this case without the intervention of a jury, must be reversed.

The note sued on in this case was indorsed and delivered to appellee when overdue, and it was then payable on demand, under the provision of section 7, Negotiable Instruments Law (section 2585, Hemingway's Code), that—"Where an instrument is issued, accepted, or indorsed when overdue, it is, as regards the person so issuing, accepting, or indorsing it, payable on demand,"

Under section 82, Negotiable Instruments Law (section 2660, Hemingway's Code), the necessity for presentment of a negotiable instrument for payment is dispensed with "where after the exercise of reasonable diligence presentment as required by this act cannot be made;" and under section 83 of said act (section 2661, Hemingway's Code) an instrument is dishonored by nonpayment when "presentment is excused and the instrument is overdue and unpaid." Under the provisions of section 71, Negotiable Instruments Law (section 2649, Hemingway's Code), where an instrument is payable on demand, "presentment must be made within reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

Upon the question of presentation for payment and dishonor, the testimony is undisputed that presentation was not made. In rebuttal the plaintiff, appellee here, offered the testimony of two witnesses to show that presentation was excused. The note here sued on was indorsed and transferred to appellee on September 27, 1919, and was then overdue; and one witness, a brother of appellee, tes-

tified that he was unable to locate the maker of the note after November 15, 1919, and that, after that date, on account of certain business transactions pending between him and the maker of this note, he made some inquiries in an effort to locate him. A certain constable of the county testified that in the latter part of the year 1919 he had a warrant for the arrest of Tup Hall, the maker of the note, and that he failed to locate him after some effort and inquiry. There is no testimony whatever that the appellee himself did not know where the maker of this note was, or that he, or any one for him, made any effort to locate him, or that he exercised any sort of diligence to make presentment, and the fact that the two witnesses mentioned above were unable to locate the maker falls far short of showing the exercise of that reasonable diligence by the holder which will excuse presentment.

Section 102, Negotiable Instruments Law (section 2680, Hemingway's Code), provides that: "Notice may be given as soon as the instrument is dishonored; and unless delay is excused as hereinafter provided, must be given within the times fixed by this act."

Sections 103 and 104 of said act (section 2681 and 2682, Hemingway's Code), provides the method of giving this notice and the time within which it must be given, while section 111 of said act (section 2690, Hemingway's Code) provides that notice of dishonor is dispensed with when, "after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged."

The testimony is undiputed that the indorser, Arch Harris, owned and resided on the same farm for twenty-two years. B. B. Jennings, a witness for appellee, testified that Harris was a customer of the firm of I. E. and B. B. Jennings, a mercantile firm composed of the appellee and B. B. Jennings, and that about December 1, 1919, under the direction of appellees, he notified the indorser,

Harris, of the nonpayment of the note, and that the appellee would seek to hold him liable as indorser. There was no effort made to show the exercise of that reasonable diligence which would dispense with notice of dishonor, and, if there had been testimony which showed the exercise of that diligence which would have excused presentment, there was no testimony which would have excused the delay of more than sixty days in giving notice of dishonor of this paper, which was overdue, and consequently payable to bearer when' it was transferred to appellee.

The judgment of the court below will therefore be reversed, and judgment entered here for appellant.

*Reversed, and judgment here for appellant.*