SLEDGE & NORFLEET CO. *v.* DYE.*

(Division B. Oct. 8, 1928.)

[118 So. 414. No. 27145.]

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 601, p. 406, n. 80; section 750, p. 536, n. 43; section 963, p. 689, n. 62.

*Jas. R. McDowell* and *Geo. J. Leftwich, Jr.*, for appellant.

*Brooks & Brooks* and *Cutrer & Smith,* for appellee.

696

*Jas. R. McDowell* and *Geo. J. Leftwich, Jr.,* for appellant.

Argued orally by *Jas. R. McDowell*, for appellant.

PACK, J. This is an appeal from the chancery court of Tate county. Hon. J. R. Caldwell sat as special chancellor. After a hearing on bill, answer and proof, relief was denied complainant, appellant here, and the bill was dismissed. This is the second appearance of the case in this court. The former opinion is reported in 140 Miss. 779, 106 So. 519. The only point decided on the former appeal, it being here on bill and demurrer, was that the notes sued on were not such claims as were required to be probated against the estate of the deceased.

The Coldwater Mercantile Company was a corporation, and Mrs. R. A. Jones, deceased, was a stockholder in the business, though it does not appear that she had anything to do with the management of the business. This mercantile company executed and delivered two notes to Mrs. Jones evidencing dividends earned by the company on her stock therein. The first note was for four thousand three hundred eight dollars and forty-five cents, dated January 1, 1920, due January 1, 1921; the second was for one thousand four hundred ninety-one dollars and sixty-nine cents, dated May 7, 1921, due January 1, 1922. These notes were not paid at maturity. During the month of February, 1922, the Coldwater Mercantile Company, acting through one Mr. Yates, its manager, desiring to procure further advances from Sledge & Norfleet Company, executed to it a note for two thousand five

hundred dollars, which note was indorsed by Mrs. Jones, and paid at maturity, together with advances made the mercantile company for that year.

It also appears that the Coldwater Mercantile Company was largely indebted to complainant for advances covering former years. This indebtedness was reduced to a note in the sum of twenty-two thousand two hundred twenty-five dollars and seventy-seven cents, dated February 16, 1922, payable to Sledge & Norfleet Company on November 15, 1922.

Some time thereafter the two dividend notes of the mercantile company still held by Mrs. Jones were indorsed by her in blank, and delivered to Mr. Yates, who, in turn, deposited them with complainant as collateral to the principal note of twenty-two thousand two hundred twenty-five dollars and seventy-seven cents given by the mercantile company.

Mrs. Jones having died, T. M. Dye was appointed administrator of her estate, and is made defendant herein. The bill alleges that the principal note of twenty-two thousand two hundred twenty-five dollars and seventy-seven cents had not been paid, which entitled the complainant to recover on the two collateral notes. The bill further alleges that neither collateral note had been paid, although presentment and demand for payment had been made on the maker, and notice of dishonor of the notes had been given to the said Mrs. R. A. Jones prior to her death, and to the administrator after her death.

The bill prayed for a decree against Mrs. Jones for the total amount of the two collateral notes; the bill was amended, making the Coldwater Mercantile Company a defendant, resulting in a decree against it, from which there is no appeal.

The administrator, in his answer, interposes several defenses, but the one which we think is decisive of the case challenged the right to recover on the ground that there was no presentment and demand for payment on

the maker, and no notice of dishonor given to Mrs. Jones or to her administrator.

The notes sued on were past due when indorsed and delivered by Mrs. Jones, and, under section 2585, Hemingway's 1917 Code, became demand obligations. Being such obligations, section 2649 of the same Code requires presentment for payment within a reasonable time after indorsement and delivery, otherwise the indorser will not be bound. *Skinner* v. *Mahoney*, 140 Miss. 625, 106 So. 211; *Carter* v. *Jennings*, 134 Miss. 263, 98 So. 687; *Taylor* v. *Ross et al.*, 129 Miss. 536, 92 So. 637; *Gresham* v. *State Bank of Sunflower*, 131 Miss. 20, 95 So. 65.

Appellant makes the point that, since these notes were placed as collateral to the principal note, the liability of the indorser could not accrue until after default in the payment of the principal note for which they were collateral security. No authority is cited for this position, and conceding, but not deciding, its soundness, the evidence is in conflict as to whether presentment and demand for payment was made within a reasonable time after maturity of the principal note. Indeed, it is in conflict as to whether there ever was a presentment and demand. Mr. Norfleet, for complainant, testified that demand was made. Mr. Yates, manager for the Coldwater Mercantile Company, testified that there was no presentment and demand.

Mrs. Jones died in May, 1922, prior to the maturity of the principal note on November 15, thereafter. Section 2852, Hemingway's 1927 Code, provides that notice of dishonor must be given to the personal representative of a deceased indorser.

Counsel for appellant, in his able brief, frankly concedes that no formal notice of dishonor was given to the administrator. He says:

"We do not contend that notice of dishonor was formally given to the executor of the estate of the deceased

within the time as provided by the section of the Code just referred to."

He contends, however, that notice of dishonor was waived by implication, and introduced letters purporting to establish this position. Considerable correspondence between complainant and attorneys for the administrator was introduced, and also between the complainant and the administrator. On the part of the administrator and his attorneys, these letters evince a desire for information regarding the exact *status* of these notes; but in none of the correspondence is it shown that presentation and demand for payment was made on the maker of these notes. A reading of all this correspondence convinces us that there was no waiver of notice. We reach this conclusion without passing upon the question of whether an administrator would have the right to waive notice, and by such waiver bind the estate; this question not being argued in the brief.

It is further contended that notice of dishonor was excused, and not required to be given, because the indorser, Mrs. Jones, had no right to expect that the notes would be paid, and that notice of dishonor would have been an idle and fruitless ceremony. We think this position untenable, and find no reason or proof in the record that will support it.

The chancellor resolved all disputed facts in favor of complainant, and there being, in our judgment, sufficient facts to uphold his finding, the judgment of the court below will be affirmed.

*Affirmed.*