### Phenix Ins. Co. *v.* Chadbourne, Adm'r, and others.

*(Circuit Court, D. Massachusetts. 1887.)*

SHIP-OWNERS—LIABILITY FOR AGENT'S ADVANCES—PAYMENT—INSURANCE.

The agents of the owners of a vessel advanced, at the owners' request and for their benefit, the money necessary to enable the vessel to make a voyage, and took out a policy of insurance to secure the amount advanced. The vessel was lost, and the insurance money collected by the agents. *Held*, that the receipt of the money extinguished and satisfied the debt, and that neither under an assignment to the insurance company, nor under the doctrine of subrogation, could the company maintain an action against the owners to recover the amount from them.

The facts in this case were that the vessel was in Georgia, and it became necessary to raise money to put the vessel in condition to make a voyage to South America. Parsons & Loud, of New York, were agents of the owners, and advanced the money, taking out a policy of insurance to secure the amount thus advanced. The vessel was lost, and the insurance money collected by Parsons & Loud, and the plaintiff took an assignment of the claim. The defendant Chadbourne is administrator of the estate of Nehemiah Gibson.

*C. T. Russell, Jr.*, for libelant.

*F. Dodge*, for respondents.

NELSON, J. It is perfectly clear, from the facts agreed upon in this case, that the insurance on the advances made by Parsons & Loud on the

credit of the vessel and freight were effected at the defendants' request, at their cost, and for their benefit, and that Parsons & Loud were bound by their contract with the defendants to apply the insurance money, when received, to the payment of the debt incurred on account of the advances. The receipt of the insurance money by Parsons & Loud, therefore, operated at once as an extinguishment of the debt, and they could thereafter have maintained no action against the defendants for its recovery. The debt having been thus satisfied, nothing, of course, passed by the formal assignment of the claim by Parsons & Loud to the libelant. For the same reason, by paying the loss the libelant acquired no right by way of subrogation to enforce the debt against the defendants. It could not, by paying the loss, get by subrogation a right which the assured did not possess, and it makes no difference that it had no notice of the arrangement between Parsons & Loud and the defendants when it issued the policy. All this has become settled law in this court by the recent decision of the supreme court in *Phœnix Ins. Co. v. Erie & Western Transp. Co.*, 117 U. S. 312, 6 Sup. Ct. Rep. 750, 1176.

Libel dismissed, with costs.