ÆTNA INSURANCE COMPANY *v.* COWAN COUNTY TREASURER.

[71 South. 746.]

1. INSURANCE. *Pleading. Confession and avoidance. Rights of parties. Arbitration. Waiver. Loss payable clause. Effect. Independent contract.*

   Where in a suit on a fire insurance policy on a building, the declaration alleged a total loss, a plea in abatement that there was only a partial loss on such building and that an adjustment and appraisal had not been had, was good as a plea in confession and avoidance.

2. INSURANCE. *Right of parties. Arbitration. Waiver.*

   Where the insurer, under a fire insurance policy containing a loss payable clause in favor of the county treasurer as to one item of the policy, attempted to arbitrate the loss as permitted by the policy, but failed to include the treasurer in such arbitration, was void as to the treasurer and the insurer did not thereby waive its right to an arbitration with the treasurer.

3. INSURANCE. *Right of parties. Loss payable clauses. Effect. Independent contract.*

The loss payable clause in a fire insurance policy does not constitute a new and independent contract in no way dependent upon the original policy between the owner and the insurer, the mortgagee's contract and his rights thereunder are the same as the right of the insured, except as modified by section 2596 of the Code of 1906, prescribing a form of mortgage clause to be written in all policies, and providing that the mortgagee shall not be subject to certain forfeitures therein enumerated, which insured is subject to. The provisions of this section of the code are written into every policy containing a mortgage clause, by operation of law.

APPEAL from the circuit court of Jackson county.

HON. J. J. BALLENGER, Judge.

Suit by R. W. Cowan, Treasurer of Jackson County, against the Ætna Insurance Company. From a judgment for plaintiff on peremptory instruction, on sustaining his demurrers to defendant's pleas, defendant appeals.

This is a suit brought by R. W. Cowan, treasurer of Jackson county, Miss., on a policy issued by the Ætna Insurance Company to Mrs. J. M. Pelham, insuring a certain dwelling house in Pascagoula, Miss., for two thousand, five hundred dollars, and insuring certain household furniture in the same policy for five hundred dollars, the total amount of the policy being for three thousand dollars. In this policy was a loss payable clause, which provided that:

"Any loss or damage that may be ascertained and proven to be due the assured under this policy shall be held payable to the treasurer of Jackson county, Mississippi, as his interest may appear. Understood that loss payable clause applies to first item of this policy for two thousand, five hundred dollars on building and not on the second item of household furniture."

On the 23d day of March, 1914, a fire occurred which totally destroyed the household furniture, and, according to appellee's version of the case, also totally des-

troyed the building insured, but according to the appellant's version the destruction of the building was only partial. There was a disagreement between the parties as to the extent of the damage done the building, and an appraisement was demanded under the provisions of the policy sued on, one appraiser having been appointed by Mrs. Pelham, the holder of the policy, and another appraiser by the insurance company, and an umpire was selected by the two; and when the appraisers met the amount of damage to the building insured under the policy sued on was fixed at the sum of two thousand and twenty-nine dollars and thirty-three cents. The treasurer of Jackson county, who was payee in the loss payable clause, was not a party to this appraisement. The insurance company tendered the amount of said award two thousand, twenty-nine dollars and thirty-three cents to him, but the tender was refused. After this tender was refused the insurance company, on the 17th day of June, 1914, demanded of Cowan, treasurer, another appraisement as to the damage done to the building, upon the theory that the loss to the building was a partial loss, and that under the terms of the policy it was entitled to an appraisement of the damage done. The county treasurer, however, refused to appoint an appraiser, claimed a total loss, and on the 30th day of June, 1914, filed his suit in the circuit court of Jackson county for the full amount of the two thousand, five hundred dollar item of the policy, and alleged in his declaration that the destruction of the building was complete, and that the loss was a total loss, and that he was entitled to the entire amount for which the building was insured. To this declaration the defendant filed a plea in abatement, setting out that the loss to the building was only a partial loss, and that under the terms of the policy sued on that the defendant was entitled to an appraisement in the manner provided in the policy before a suit could be brought, and that the suit was begun prematurely by reason of the fact that the plaintiff had refused to submit to an ap-

praisement. The above plea was demurred to by the plaintiff upon twelve grounds, and we set out those argued and relied upon by the plaintiff as follows:

"First. The averment in said plea that 'there was only a partial loss on the property insured under the policy sued on,' while not a direct and positive denial of the allegation in the declaration that said property was destroyed by the said fire, is in conflict therewith, and therefore said plea is defective and insufficient."

"Third. It is shown on the face of said plea that defendant, with knowledge of the interest of plaintiff in the said subject-matter of insurance, elected to, and did, ignore plaintiff and enter into said arbitration proceeding with the said Mrs. J. M. Pelham alone, and that said alleged arbitration failed through no fault of plaintiff, whereby the defendant waived its pretended right to require the plaintiff to enter into an appraisement and arbitration, as to the extent of the said loss, or damage.

"Fourth. It is shown on the face of said plea that the demand of defendant upon plaintiff for appraisement and arbitration was subsequent to that entered into by and between defendant and the said Mrs. Pelham, and was attempted by defendant without making the said Mrs. J. M. Pelham a party thereto, and that such attempted appraisement and arbitration was merely for the purpose of ascertaining the extent of said loss or damage to said property, without admitting defendant's liability for loss the damage as would be so awarded, but reserving therefrom the question of the liability of defendant, under the terms of said policy, for such loss or damage."

"Twelfth. It is shown in and by said plea that there was, by means of the insertion in said policy of said loss payable, or mortgagee clause, a new and independent contract, in no way dependent upon the original policy between the owner and the insurer of said property, made between the plaintiff and the defendant, under which the plaintiff is entitled to recover in this suit within and by said policy."

The court sustained the demurrer of appellee to appellant's plea in abatement, and granted the peremptory instruction in appellant's favor for the entire amount sued for, and from the action of the court in granting the peremptory instruction the appellant appeals.

*McLaurin & Armistead,* for appellant.

*W. M. Denny,* for appellee.

POTTER, J., delivered the opinion of the court.

(After stating the facts as above). It is contended by the appellee in this case that the declaration alleges that the loss to the building in question was a total loss, and therefore the matter in controversy was not subject to an appraisement, as the defendant company was liable for the full amount of the policy as to the item in question, regardless of the extent of the loss under section 2592 of the Code of 1906 which provides:

"When real property or buildings, household, or kitchen furniture, insured against loss by fire and situated within this state are totally destroyed by fire, the company shall not be permitted to deny that the property insured was worth, at the time of the issuing of the policy, the full value upon which the insurance was calculated."

The appellee contends that the plea of the defendant does not deny that the building in question was destroyed by fire—

"unless the averment in the plea that 'there was only a partial loss on the property insured under the policy sued on' could be construed as such denial. Neither does the plea admit the truth of the allegation that the building was destroyed. The object of the pleading is to put upon the record altercations of the parties until they come to an issue of fact or law. And after the declaration the pleading must be either a traverse or a confession and avoidance."

This plea is a plea in confession and avoidance. When the defendant sets out in its plea that the loss was a partial loss, it thereby admits that a loss occurred, and the only question now to determine is whether or not the defendant's plea in abatement would be a defense to the suit in question if the matters set out therein were established by a preponderance of the evidence. In so far as whether or not there was a total loss, or only a partial loss, the issue is undoubtedly made by the pleadings. We will therefore construe the matters set out in defendant's plea in avoidance of plaintiff's suit. In the first place it is insisted that the right of appraisement was waived by the appellee in undertaking an appraisement or arbitration with Mrs. Pelham by ignoring or not making the county a party thereto. The only result, however, of such failure on the part of the insurance company to make the county a party would be to make the arbitration void as to the county, and after its refusal to be bound by the award the insurance company conceded that the appraisement was void in so far as it affected the interest of the county and offered another appraisement. It seems that Mrs. Pelham was satisfied with the award in so far as she was concerned; and, if she settled with the company on the original award as to her interests in the policy, we do not see how the plaintiff's interests were detrimentally affected thereby. The original award was void as to the country treasurer. The insurance company conceded this, and in so far as the county's interests were concerned, the parties were in the same position that they would have been had no appraisement been made. In fact, as to the county, there has been no appraisement.

The main contention of the plaintiff is based on the twelfth ground of the demurrer, and is that the loss payable clause constitutes a new and independent contract in no way dependent upon the original policy between the owner and the insurer, and that consequently the plaintiff was not bound by the appraisement agreement in the policy. We do not think this contention is sound. The

mortgagee's contract and his rights thereunder are the same as the rights of the insured, except as modified by section 2596 of the Code of 1906 prescribing a form of mortgage clause to be written in all policies, and providing that the mortgagee shall not be subject to certain forfeitures therein enumerated which the insured is subject to. The provisions of this section of the Code are written into every policy containing a mortgage clause by operation of law. The section in question automatically writes itself into the insurance contract. *Bacot* v. *Phoenix Ins. Co.*, 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, Ann. Cas. 1912B, 262. This the appellee contends makes a new and independent contract between the mortgagee and the insurance company in no way dependent upon the original policy between the owner and the insured. It may be true that a new and independent contract is made between the mortgagee and the insurance company by the insertion of the mortgage clause, but after all the policy itself is the contract between the insurer and the mortgagee. It is upon the policy and its terms that the mortgagee must recover in the event of loss, and the only difference between the contract of the mortgagee and the assured are the provisions of section 2596, which writes certain provisions into every mortgage clause, relieving the mortgagee from certain forfeitures that may be incurred by the assured. It is upon the policy that the mortgagee must recover if at all. If as he insists, there exists an independent contract between himself and the insurer, where are the terms of that contract to be found except in the policy of insurance? The policy designates the kind of insurance undertaken. The policy designates the property the policy covers. The policy names the maximum amount recoverable thereunder. If the mortgagee has an independent contract of insurance from that of the assured, the terms of the contract nevertheless are the same, except as modified by law. By an independent contract, however, our court meant nothing more than, if the policy of insurance

is void as between the insurance company and the assured on account of some act or omission on the part of the assured, that nevertheless it will be valid and binding between the insurance company and the mortgagee. Except for section 2596 mortgage clauses would probably be so written that the mortgagee, though not himself at fault, could not recover in any case where the assured himself could not recover.

In our opinion the question of whether or not the loss under consideration was a total loss should have been submitted to the jury under proper instructions, and if the jury found that the loss was a total loss, the company should have been required to pay the full amount of the two thousand, five hundred dollar item of the policy, and if the jury found that the loss was only partial, the suit should have abated pending a submission of the matter to appraisement according to the terms of the policy.

*Reversed and remanded.*