## SKINNER *v.* MAHONEY.*

(Division B. Nov. 2, 1925.   Suggestion of Error Overruled Dec. 14, 1925.)

[106 So. 211.   No. 25138.]

1. BILLS AND NOTES. *"Indorser" by writing name in blank on back of notes.*

   Under Hemingway's Code, section 2641, one merely writing her name in blank on the back of notes is an "indorser."

2. BILLS AND NOTES. *Indorser by obtaining extension of first of series held not to have waived right to notice of presentation and nonpayment; indorser released by omission of notice of presentation and nonpayment.*

   Indorser of series of notes maturing at different times, by requesting and obtaining extension of the first, does not waive right to notice of presentation and nonpayment on all the notes being declared due under the acceleration clause in the deed of trust securing them, on the maker failing to pay the second note on its becoming due, so that indorser not being given notice of the acceleration and of presentation and nonpayment was released.

3. BILLS AND NOTES. *In absence of liability for principal, no liability for interest.*

   Indorser of note, not being liable for the principal, is not liable for interest.

———

*Headnotes 1.   Bills and Notes, 8 C. J., Section 527; Liability of a stranger who indorses commercial paper before delivery, see note in 18 L. R. A. 34; Character under negotiable instrument law of one who places his name on back of note prior to or at time of delivery, see notes in 14 L. R. A. (N. S.) 842; L. R. A. 1916D, 223; 3 R. C. L., pp. 1123, 1124; 1 R. C. L., Supp., p. 995; 2. Bills and Notes, 8 C. J., Sections 895, 988 (Anno); 3. Bills and Notes, 8 C. J., Section 557 (Anno).

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Action by Mrs. Bettie J. Skinner, trustee, against Mrs. G. R. Mahoney.   Judgment for defendant, and plaintiff appeals.   Affirmed.

140 Miss.—40.

*Sillers & Pearson,* for appellant.

*The effect of the execution of the five notes by Mrs. Vincent and the endorsement thereof by Mrs. Mahoney in order to induce the sale of the property, in connection with the declaration of Mrs. Mahoney in her application for an extension of the time of payment of one of the notes, that she was a co-maker of all of the notes.* The rule in Mississippi, as laid down by Judge CAMPBELL, is contained in *Polkinghorn* v. *Hendricks,* 61 Miss. 366. In *Jennings* v. *Thomas,* 13 Smedes and Marshall, 617, Judge SHARKEY, held that parole evidence is admissible to show the intention of the endorser. This has always been the law in Mississippi.

Mrs. Mahoney and Mrs. Skinner both show in their testimony that Mrs. Skinner, trustee, refused to sell the property held in trust by her unless a cash payment of seventy-five thousand dollars was made by the purchaser, Mrs. Alice Mahoney Vincent. They also show that Mrs. Vincent, the daughter of Mrs. Mahoney, was unable to pay more than twenty-five thousand dollars in cash and that Mrs. Mahoney came to her assistance, and Mrs. Vincent tendered to Mrs. Skinner her notes in the sum of fifty thousand dollars with Mrs. Mahoney's endorsement thereon, in lieu of fifty thousand dollars in cash, bringing this case clearly under the rule as announced in *Polkinghorn* v. *Hendricks,* 61 Miss. 366.

The intention of the parties can be shown by parole evidence; *Jennings* v. *Thomas,* 13 Smedes and Marshall, 617; *Kohn* v. *Consolidated Butter & Egg Co.,* 30 Misc., 725, 63 N. Y. S. 265; *Memphis Mercantile Bank* v. *Busby,* 120 Tenn. 652, 656, 666, 113 So. 300.

In the case at bar, however, the defendant, Mrs. Mahoney, has, by a written statement, declared herself to be a comaker of the five ten thousand dollar notes, and Mrs. Skinner, acting on Mrs. Mahoney's statement that she was a comaker, did not protest the notes when she declared them due. If Mrs. Mahoney was a comaker, as

she declared herself to be, notice, protest, and present-ment for payment were unnecessary. All of the cir-cumstances show that Mrs. Mahoney signed as a comaker. She was a comaker and she so declared herself in writ-ing, and her declaration was accepted and acted upon by Mrs. Skinner in dealing with these notes. Mrs. Ma-honey is bound by her actions. She is bound by her dec-laration and is estopped from denying that she is a co-maker of said notes.

*Kimbrough, Tyson & Kimbrough,* also for appellant.

This brief will deal solely with the theory that even if Mrs. Mahoney became merely an endorser of the notes, at the time she signed them in blank on the back thereof, she was nevertheless, liable by reason of having there-after and prior to the maturity of any of the notes, waived her rights as endorser to have presentment for payment made to Mrs. Vincent and to have notice of Mrs. Vincent's failure to pay the notes.

That the right of the endorser to presentment of note when due to maker for payment and notice of maker's failure to pay may be waived is clear. Hemingway's Code, section 2687; 8 C. J. 696, section 976; 3 R. C. L. 1184, par. 405.

Our first contention that Mrs. Mahoney waived her rights as an endorser to *all* of said notes is sound, and that she is consequently liable under the third count of this declaration for the entire amount due on *all* of said notes just as much so as was Mrs. Vincent, the o-riginal maker of the notes and against whom judgment for the full amount due on all of said notes was rendered by the court below.

Our second contention is that, even if Mrs. Mahoney did not waive her rights as endorser to *all* of said notes, she certainly waived her rights as such endorser to the note which was originally to become due on January 1, 1921; and this for the reason that further along in her

said letter of December 21, 1920, she specifically requested an extension of time for the payment of the first ten thousand dollar note which was due January 1, 1921, and thereby undoubtedly waived, at least as to this note, any rights she might have had under her original contract of endorsement to have that note presented for payment to Mrs. Vincent, the maker, and also waived any right she might have had as such endorser to have notice of the failure of Mrs. Vincent to pay said note. 8 C. J. 703, sec. 988, 3 R. C. L. 1187, par. 407; *Amoskeag Bank* v. *Moore*, 75 Am. Dec. 156; *Sheldon* v. *Horton*, 3 Am. Rep. 669; *Cady* v. *Bradshaw*, 5 L. R. A. 557; *First National Bank* v. *Johnson*, L. R. A. 1916-B 941.

The authorities quoted from above clearly and firmly and without doubt establish that Mrs. Mahoney by her request for an extension of time waived any rights to presentment and notice of nonpayment of the ten thousand dollar note, due January 1, 1921, and she should have been held liable for the amount due on that note, at least, and consequently the peremptory instruction in her favor was palpable error, and we deem this to be so obvious as to dispense with necessity for further argument. But see also 2 Jones on Mortgages (7th Ed.), page 800, sec. 1175 a; 27 Cyc. 1525; *Germond* v. *Hermosa Ice Co.*, 69 N. W. 578; *Brockway* v. *McClun*, 90 N. E. 374.

*J. W. Bradford*, for appellee.

I. *The notes were declared due under the acceleration clause for all purposes.* We agree with counsel for appellant that the notes when declared due under the accelerating clause of the trust deed made the notes due for the purpose of bringing suit as well as for the foreclosure of the deed of trust. *Bollenbach* v. *Ludlum* (Okla.), 201 Pac. 982; *Bardshar* v. *Chaffee* (Wash.), 156 Pac. 388.

II. *Mrs. G. R. Mahoney was not a comaker.* In the brief of Messrs. Sillers & Person they press the point that because of a refusal to accept less than seventy-five thousand dollars in cash for the Caldmere Plantation and Alice Mahoney Vincent being unable to raise more than twenty-five thousand dollars of that sum, that when Mrs. Skinner accepted the fifty thousand dollars in notes with the indorsement of Mrs. Mahoney, thereon in lieu of cash, which notes were indorsed before delivery, she thereby, under the operation of law, became comaker and in support of that contention they cite various decisions of this state. This was the law before the enactment of the Negotiable Instruments Law in Mississippi, but since the enactment of that law all indorsers of promissory notes otherwise than as makers, drawers or acceptors are deemed to be indorsers only. Section 2641, Hemingway's Code; 8 C. J., page 376, par. 558; *Hass* v. *Lobstein,* 108 Ill. A. 217; *Polkinghorn* v. *Hendricks,* 61 Miss. 366; *Richardson* v. *Foster,* 73 Miss. 12, and other cases cited by counsel announced the law in Mississippi prior to the enactment of the Negotiable Instruments Law.

Again counsel for appellant press the point that the true intention of indorsers as between themselves can always be shown by oral evidence and that the real contract between the parties can be shown now as fully as it could have been shown before the passage of the Negotiable Instruments Law. We submit that this has been settled already by our courts contrary to the view of counsel. *Hawkins* v. *Shields,* 100 Miss. 739; 57 So. 4, 4 A. L. R. 760.

When the notes were introduced in evidence showing the blank indorsement of Mrs. G. R. Mahoney, her contractual relations with the indorsee were fixed by statute as that of an indorser only. *Rockfield* v. *First National Bank,* 77 Ohio St. 311, 83 N. E. 392, 14 L. R. A. (N. S.) 842. For the Negotiable Instruments Law, see 8 C. J., page 78, with reference to parol evidence in changing the *status* of the indorser's liability. See also

*Bank of Conway* v. *Stary, et al.* (N. D.), 200 N. W. 505, 37 A. L. R. 1186.

Under the Negotiable Instruments Act it is generally held that the *status* of indorser fixed by the act upon one, not otherwise a party, who places his signature upon the instrument in blank before the delivery, cannot be varied by parol evidence. *Baumeister* v. *Kuntz,* (1907), 53 Fla. 340, 42 So. 886; *Muntz* v. *Schmidt* (1919), 213 Ill. App. 641; *First National Bank* v. *Bickel* (1911), 143 Ky. 754, 137 S. W. 790; also repeated in (1913) 154 Ky. 11, 156 S. W. 856; *Tross* v. *Bills* (1920), 189 Ky. 115, 224 S. W. 660; *Neosho Mill Co.* v. *Farmers' Co-op. Warehouse Stock Co.* (1912), 130 La. 949, 58 So. 825; *Cooper* v. *Sonk* (1918), 201 Mich. 655, 167 N. W. 842; *Overland Auto Co.* v. *Minter* (1919), 277 Mo. 425, 210 S. W. 1; *Orthwein* v. *Nolkder* (1921), 290 Mo. 284, 234 S. W. 787; *Geller, W. & H. Hardware Co.* v. *Drosda* (1920), 203 Mo. App. 91, 217 S. W. 557.

Aside from the authorities to which we refer the court, there is absolutely no proof in the record of any understanding or agreement between Mrs. Mahoney and Mrs. Skinner prior to, at the time, or subsequent to her indorsement of said notes, which under the old rule would sustain the view that appellant was a comaker.

III.     *Did Mrs. Mahoney waive demand and notice?* The brief of Messrs. Kimbrough, Tyson & Kimbrough deals exclusively with the proposition that the letter written by Mrs. Mahoney to Mrs. Skinner constituted a waiver of presentment and notice, and by reason thereof is bound to appellant for the principal and interest of the five notes for ten thousand dollars each, which she indorsed.

Under the Negotiable Instruments Law as now in force in this state, it is provided that presentment for payment may be dispensed with by waiver of presentment and notice, and that this may be either express or implied, and is merely declaratory of the common law. 8 C. J., page 699, par. 983, and cases cited under note 8.

Counsel for appellant rely in this case wholly and exclusively upon the letter of Mrs. Mahoney to Mrs. Skinner made Exhibit "F" to appellant's declaration as the basis of this law suit. This letter is relied upon by appellant as an additional contract with Mrs. Mahoney. Appellant introduced proof to vary the terms of this letter to suit the state of facts in the case. 10 R. C. L. 1016. We deem it unnecessary to quote further authorities upon this point, for it is elementary that the terms and conditions of written instruments cannot be altered, changed or reformed in a court of law by oral proof. Her case rests upon the contents of the letter referred to, and that letter shows on its face that Mrs. Mahoney was writing about notes executed by G. S. and A. M. Vincent and to Mrs. Bettie J. Skinner personally and not as trustee, therefore, the letter is not admissible, under any rule of evidence, in this case to show an express waiver.

Under the law in this state, though there be nothing but the indorser's signature, the indorser's contract is as fully expressed as that of the drawer of the bill or maker of the note. *Hawkins* v. *Shields,* 100 Miss. 739, 57 So. 4, 4 A. L. R. 760.

IV.    *The letter as changed by oral proof not a waiver.* *Worden* v. *Mitchell,* 7 Wis. 161, 8 C. J. 703, par. 988.

V.    *Appellant estopped to introduce letter.* 13 C. J., page 627, par. 694.

The agreement for the extension being inconsistent with the terms of the deed of trust executed by Alice Mahoney Vincent, wherein the payment of all notes could be accelerated, when Mrs. Skinner selected the accelerating clause in the trust deed as her course of procedure, she abandoned and breached her agreement for the extension and the letter being the basis of that contract for extension cannot now be introduced in evidence as an aid to her in the prosecution of this suit. *Timberlake* v. *Thayer,* 71 Miss. 279, 24 L. R. A. 231, 14 So. 446; *Smith* v.

*Brady,* 17 N. Y. 173, 72 Am. Dec. 183; *Beach* v. *Mullin,* 34 N. J. L. 343; *Hartman* v. *Mighan,* 171 Pa. 46, 33 Atl. 123; *Sipley* v. *Stickney* (Mass.), 5 L. R. A. (N. S.) 469. In Metcalf on Contracts, pages 8 and 9, the general doctrine is laid down that "if the failure to perform the express contract be intentional, it is such bad faith that he can recover nothing." See also *Nelichka* v. *Easterly,* 29 Minn. 146, 12 N. W. 457.

HOLDEN, P. J., delivered the opinion of the court.

This is a suit by the appellant, Mrs. Bettie J. Skinner, trustee, to recover from the appellee, Mrs. G. R. Mahoney, the amount of fifty thousand dollars, as evidenced by five notes for ten thousand dollars each, on the back of which notes Mrs. Mahoney had written her name in blank; the maker of the notes being Alice Mahoney Vincent, who had purchased a plantation from Mrs. Bettie J. Skinner, trustee, and executed the notes here involved as part payment on the purchase price of the plantation.

On December 21, 1920, a few days prior to the maturity of the first one of the notes, the appellee, Mrs. Mahoney, requested an extension of five years on the principal of that note, and this extension was granted by Mrs. Skinner. The letter requested the extension "as comaker and indorser of the notes executed by G. S. and A. M. Vincent in your favor for fifty thousand dollars of the balance of the purchase money on the plantation," etc. Mrs. Skinner extended the first note for five years by writing on it, "Principal extended for five years."

When the second note became due the following year, the maker, Mrs. Alice Mahoney Vincent, failed to pay the note, and, under an accelerating clause of the deed of trust given by Mrs. Vincent to secure the payment of the five notes here involved, as well as to secure other amounts due on the purchase price of the plantation, Mrs. Skinner declared all of the notes due at once, and then she proceeded to foreclose and finally brought this suit against the appellee, Mrs. Mahoney, to recover against her the

amount of the five notes of ten thousand dollars each as indorser or comaker thereon.

When the second note became due, and the maker, Mrs. Vincent, did not pay it, the payee, Mrs. Bettie J. Skinner, trustee, failed to present the note to Mrs. Vincent for payment, and also failed to notify the appellee, Mrs. Mahoney, that payment had been demanded and that the maker had failed to pay the notes, or any one of them. The record shows without dispute that Mrs. Mahoney received no notice of the failure of the maker to pay the notes when due, nor was Mrs. Mahoney notified of the acceleration of the notes by the holder, Mrs. Skinner, trustee, nor of presentation and dishonor after acceleration.

At the trial of the case, the appellee, Mrs. Mahoney, resisted the suit on the ground that she had no notice of the failure of the maker to pay the notes when due, and that she had no notice of the acceleration under the deed of trust, and that, in fact, none of the notes were presented to the maker for payment at the time of the acceleration or at any other time. The lower court peremptorily sustained this contention, and held that Mrs. Mahoney was not liable on the notes as indorser or otherwise, and from this judgment the appeal is prosecuted.

The appellant contends that the lower court should have allowed a recovery against Mrs. Mahoney because, first, she was a comaker of the notes; second, that, if not a comaker, then she was an indorser and waived notice of nonpayment when she asked for an extension of five years in which to pay the first note, and that, when the extension was granted, she waived notice of presentation and nonpayment, and that, since the accelerating provision of the deed of trust was binding upon her as either comaker or indorser, it was not necessary to notify her of the exercise of the option of the accelerating clause of the deed of trust.

We think the position of the appellant is untenable, and that the judgment of the lower court is correct because the record discloses the undisputed fact that the appellee,

Mrs. Mahoney, was only an indorser on the notes and not a comaker, even though she may have thought she was a comaker when she wrote the letter to Mrs. Skinner, the holder of the notes, asking for an extension of five years in which to pay the first note. It is true she wrote the letter saying that, "as a comaker and indorser, I am asking the extension;" yet it is manifest that she was not in fact a comaker, but was an indorser by having written her name in blank on the back of the notes. *Taylor* v. *Ross,* 129 Miss. 536, 92 So. 637; section 2641, Hemingway's Code.

We do not think the indorser on the notes waived her right to notice of presentation and nonpayment. The extension of the time in which to pay the first note was not, in our opinion, a waiver of notice, because this note was declared due under the acceleration clause of the deed of trust before it was due under the extension contract. The indorser, Mrs. Mahoney, was released from the payment of the first note, or any other one of the notes, upon the failure of the holder to notify her of the acceleration, for the reason that, when the holder of the notes declared all of them due and payable, it became her duty to then notify the indorser of the failure of the maker to pay the extended note, and all of the other notes, which had suddenly become due and payable by acceleration.

There is a further contention by appellant, first made in her reply brief, that, even though the appellee cannot be held liable for the principal amount of any of the five notes, still judgment should go against her for at least the interest on the first note, because there was no extension as to the interest when she secured the extension of the time of payment as to the principal. But we are unable to see any merit in this position, because liability for the principal amount must exist before there is liability for the interest on the principal, and, since there is no liability as to the principal, there is none as to the interest.

In view of these conclusions, we think the judgment of the lower court should be affirmed.

*Affirmed.*