## WRIGHT v. NORTH RIVER INS. CO. et al.

Circuit Court of Appeals, Fifth Circuit. January 3, 1928.

Rehearing Denied February 1, 1928.

No. 5021.

1. Insurance ⬄606(2)—Insurer, paying note under mortgage clause of policy, held not subrogated to right of action against accommodation indorser.

Defendant indorsed a note before delivery without consideration, on an agreement with the maker and payee that it should be secured by a mortgage on certain property, which should also be insured, with loss payable to mortgagee as interest might appear. *Held*, that such insurance was for the benefit of defendant as well as the payee, and that the insurance company, on a loss and on payment of the note under a mortgage clause, could not be subrogated to any right of action against defendant thereon.

2. Bills and notes ⬄256—Accommodation indorser is discharged when payee receives payment (Hemingway's Code Miss. 1917, §§ 2607, 2642, 2770).

Under Hemingway's Code Miss. 1917, §§ 2607, 2642, 2770, liability of an accommodation indorser is secondary, and is discharged whenever payee receives payment, from whatever source.

3. Insurance ⬄606(2)—Statute held not to give insurer, paying note under mortgage clause of policy, right of action against accommodation indorser (Hemingway's Code Miss. 1917, § 5060).

Hemingway's Code Miss. 1917, § 5060, prescribes the terms of the mortgage clause of insurance policies which are read into every policy, whatever its actual terms, and provides that the policy shall be binding between insurer and mortgagee, though it may be avoided as to mortgagor, and that when so avoided, and insurer pays the mortgage debt, it shall be entitled to a transfer of the mortgage and any other security held by mortgagee. *Held* that, under such statute, the mortgagee cannot transfer any right he does not himself have, and that, where the mortgage and insurance were taken for protection of an accommodation indorser, as well as the payee of a note, insurer cannot be subrogated to any right of action against the indorser.

Appeal from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Suit in equity by the North River Insurance Company against F. A. Wright and an-

other. Decree for complainant, and defendant Wright appeals. Reversed.

Simon Rosenthal and Samuel L. Gwin, both of Greenwood, Miss., for appellant.

R. L. McLaurin, of Vicksburg, Miss., and J. W. Cutrer and Edw. W. Smith, both of Clarksdale, Miss. (P. W. Allen, of Indianola, Miss., and Cutrer & Smith, of Clarksdale, Miss., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. [1] The appellant, F. A. Wright, without a valuable consideration moving to him, indorsed in blank before its delivery a promissory note of C. R. Castleberry for $11,000, payable to Greenwood Savings Bank (herein called the bank), or bearer. When appellant made that indorsement, it was understood between him, Castleberry, and the bank that the note would be secured by a mortgage or deed of trust of the maker on designated property, which was to be insured by Castleberry against fire. Pursuant to that agreement, Castleberry executed a deed of trust, which, in describing the secured note, stated that it was indorsed before delivery by appellant. That deed of trust contained a provision for the grantor insuring against fire three-fourths of the value of the mortgaged buildings, machinery, etc., "with loss payable or standard mortgage clause in favor of the beneficiary of the trustee herein as the interest thereof may appear," and the following provision:

"It is further agreed and understood, and this conveyance is made upon the condition, that, in the event said note shall be paid by the said F. A. Wright, the said F. A. Wright shall be subrogated to all the rights of the holder thereof, and, upon the request of the said F. A. Wright at any time after payment by said F. A. Wright of said note, the said trustee or his successor or successors shall proceed to sell said property as herein provided, and apply the proceeds of said sale to the repayment of the said F. A. Wright of any amount paid by said F. A. Wright in settlement of said note, with interest thereon at the rate of eight (8) per cent. per annum from the date of such payment by the said F. A. Wright."

The policy of insurance issued by the appellee North River Insurance Company (herein called the insurance company) contained a loss payable clause which provided:

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to Greenwood Savings Bank, Greenwood, Miss., as interest may appear, subject, however, to all the terms and conditions of this policy."

After the insured property was destroyed by fire, Castleberry and the bank brought suit on that policy. In that suit judgment was rendered against Castleberry, but in favor of the bank against the insurance company, for the amount of the policy, $15,000, and interest; that judgment providing that, upon the payment thereof by the insurance company to the bank, the bank assign and transfer to the insurance company, without recourse on the bank, all the rights of the bank in and to the above-mentioned note and deed of trust, and an assignment was made pursuant to that judgment. In the instant case, which was a suit in equity brought by the insurance company, to which the bank, Castleberry, and appellant were parties defendant, a decree was rendered in favor of the insurance company against Castleberry and appellant for the amount of the principal and interest of the above-mentioned note, attorney's fees, taxes, and costs. That decree contained the following:

"It is further ordered, the court having found that the above indebtedness is the result of a joint and several liability, that this debt or any part of it remaining unpaid for 20 days after the entry of this decree, that execution may issue thereon against either one or both of said defendants, C. R. Castleberry and F. A. Wright, without the judgment creditor first being required to foreclose the trust deed, Exhibit C to the amended bill of complaint, and in the event that said judgment be fully paid by either of said judgment debtors, C. R. Castleberry or F. A. Wright, it is ordered that the complainant herein transfer and assign to either C. R. Castleberry or F. A. Wright, whichever one may fully discharge this judgment, the note and trust deed of C. R. Castleberry, which was payable to the Greenwood Savings Bank, and which was assigned and subrogated to the North River Insurance Company, and it is further ordered that, in the event said note be assigned to F. A. Wright as herein provided, the said F. A. Wright will have full right of foreclosure as is in the trust deed provided. It is further ordered that, if this assignment of the said note and trust deed is made to C. R. Castleberry or F. A. Wright, either or both, by the North River Insurance Company, it will be without recourse on it, the said North River Insurance Company."

[2, 3] The appellant was an accommodation indorser of the note mentioned, and was secondarily liable thereon. Hemingway's Annotated Mississippi Code of 1917, §§ 2607, 2642, 2770; Skinner v. Mahoney, 140 Miss. 625, 106 So. 211. This being so, the appellant's liability on the note was discharged to the extent that the payee, the bank, was paid what was owing on the note by the maker of it, from the proceeds of property conveyed to secure it, or from the proceeds of insurance against fire of such property, with loss payable to the bank as its interest may appear, unless a different result is required by a Mississippi statute which was invoked. That statute prescribes the terms of a loss payable clause required to be included in each fire insurance policy on buildings taken out by a mortgagor or grantor in a deed of trust, which clause makes the policy binding as between the insurer and the mortgagee or grantee in the deed of trust, though it is avoided as between the insurer and the insured on account of some act or omission of the insured, not known to the mortgagee or grantee in the deed of trust, and provides that, whenever the insurer "shall pay the mortgagee or trustee any sum for loss or damage under the policy, and shall claim that as to the mortgagor or owner no liability therefor exists," the insurer "shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, * * * and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities." Hemingway's Mississippi Code of 1917, § 5060. The prescribed loss payable clause by operation of law is read into each insurance policy required to contain it, though the loss payable clause actually contained in the policy is not in the terms prescribed by the statute. Ætna Ins. Co. v. Cowan, 111 Miss. 453, 71 So. 746.

The above-cited statute does not purport to empower a mortgagee or trustee of insured property to assign to the insurer any right not possessed by such mortgagee or trustee, to prevent a security given by an insured debtor from inuring to the benefit of his surety or accommodation indorser, as well as to the benefit of his creditor, or of impairing a right in or to the security of such surety or accommodation indorser. It is apparent from the above statement that it was intended by the parties to the loan by the

bank that the appellant as well as the bank was to be a beneficiary of the deed of trust mentioned and of the statutory loss payable clause, that the insurance against fire of property conveyed as security, being a means of making good, in whole or in part, the loss by fire of such property, should inure to the benefit of the appellant, as well as the bank, and that appellant was to be entitled to require proceeds of the property conveyed as security or of insurance on that property received by the bank to be applied on the debt owing to the bank. The liability of the appellant was extinguished to the extent that funds received by the bank in which the appellant had an equity were sufficient to pay the debt for which the appellant was secondarily liable. The right of the insurance company to acquire by subrogation or assignment security held by the bank as collateral to the debt owing to the bank does not enable the insurance company to acquire a cause of action in favor of the bank against the appellant, which was extinguished by the payment of the debt owing to the bank, as the bank was incapable of transferring a cause of action it did not possess. Phœnix Ins. Co. v. Erie Transportation Co., 117 U. S. 312, 6 S. Ct. 1176, 29 L. Ed. 873; Phenix Ins. Co. v. Chadbourne (C. C.) 31 F. 300.

It is not disclosed that it was inconsistent with any right acquired by the insurance company for the appellant, as well as the bank, to be a beneficiary of the loss payable clause, which by operation of law is read into the policy issued, or of the mortgage or deed of trust referred to in that clause. That deed of trust by its terms having the effect of securing the appellant against loss by reason of his indorsement, the appellant had the right to have the proceeds of the property conveyed as security, or of insurance on such property, applied on the debt to the bank, and, to the extent that debt would be paid as a result of such application, the payment of the loss by the insurance company did not entitle it to acquire by subrogation or assignment from the bank the right to recover against the appellant. Wager v. Providence Ins. Co., 150 U. S. 99, 14 S. Ct. 55, 37 L. Ed. 1013.

We conclude that the decree appealed from was erroneous, in that it had the effect of depriving the appellant of the benefit of security to which he was entitled, and of having applied on the debt for which he was secondarily liable funds he was entitled to have so applied, with the result of extinguishing his liability.

That decree is reversed.